Thy B. Bui (SBN 256383)
tbui@constangy.com
Aaron M. Rutschman (SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 310.909.7775
Facsimile: 424.465.6630

Attorneys for Defendant
KOHL'S, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JADE TURNER-COHEN,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S, INC., a California corporation, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-08814<br><br>[*Removed from Los Angeles County Superior Court*, Case No. 21STCV37198]<br><br>**DEFENDANT KOHL'S, INC.S' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1367, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>Action Filed: October 8, 2021<br>Removal Date: November 9, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JADE TURNER-COHEN AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Kohl's, Inc. hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California – Western Division. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1. This case arises from Plaintiff Jade Turner-Cohen's former employment with Defendant Kohl's, Inc. On October 8, 2021, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV37198 (the "State Court Action"). In her Complaint, Plaintiff asserts seven claims under the Fair Employment and Housing Act ("FEHA") for: (1) race discrimination, (2) religious discrimination, (3) retaliation, (4) hostile work environment harassment, and (5) failure to prevent discrimination and harassment. She also asserts two common law causes of action for: (6) wrongful constructive termination in violation of public policy, and (7) intentional infliction of emotional distress.

## TIMELINESS OF REMOVAL

2. On October 12, 2021, Plaintiff served Corporate Creations Network Inc., Kohl's agent for service of process, with a: (1) Summons; (2) Complaint; (3) Notice of Case Assignment; (4) First Amended General Order on Mandatory Electronic Filing for Civil; (5) Voluntary Efficient Litigation Stipulations; and (6) Alternative Dispute Resolution (ADR) Information Package. True and correct copies of these documents are attached as **Exhibits 1 through 6**.

3. On October 8, 2021, Plaintiff filed a Civil Case Cover Sheet. A true and correct copy is attached as **Exhibit 7**.

4. On October 15, 2021, the Los Angeles Superior Court issued a Notice of Case Management Conference. A true and correct copy is attached as **Exhibit 8**.

5. No other process, pleadings, or papers have been filed in said action and no further proceedings have been had.

6. Plaintiff has not identified Defendants "Does 1 through 50, inclusive," nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

7. This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date service was effected on Kohl's, which was October 12, 2021, and within one year of the date the State Court Action was filed on October 8, 2021.

## DIVERSITY JURISDICTION

8. **Basis of Original Jurisdiction.** Kohl's is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Kohl's pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California and Kohl's is a citizen of Delaware and Wisconsin, and (2) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interests and costs as described below.

9. **Plaintiff's Citizenship.** For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is her permanent home, where she resides with the intent to remain or to which she intends to return. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). Kohl's employed Plaintiff at its store located in Lakewood, California. (Declaration of Rick Bratcher

("Bratcher Decl.") ¶ 1.)  During her employment at Kohl's, Plaintiff resided in San Pedro, California, as she provided Kohl's with an address in San Pedro, California in her employment application and Kohl's directed her February 1, 2021 offer letter to her residential address in San Pedro, California.  (*Id.* ¶ 5.)  During her five-month employment at Kohl's, Plaintiff never provided the company with a different residential address from the one in San Pedro, California that she identified in her employment application.  (*Id.* ¶ 5.)  Also, as of the date of this Notice of Removal, Kohl's has not received any notice from Plaintiff reflecting a change of address outside of California and intends to send her 2021 IRS Form W2 to the same residential address in San Pedro, California that she maintained throughout her employment.  (*Id.* ¶ 5.)  In addition, at the time Plaintiff submitted her administrative charge with the California Department of Fair Employment and Housing ("DFEH") on October 11, 2021, she declared that she was a resident of the State of California.  A true and correct copy of Plaintiff's DFEH charge is attached as **Exhibit 9**.  Likewise, in her Complaint that she filed on October 8, 2021, Plaintiff alleges that she "is an individual residing in the Los Angeles County, California [sic]."  (Compl. ¶ 1, Ex. 2.)  As a result, Plaintiff is domiciled in California and is therefore a citizen of California.

        10. **Defendants' Citizenship.**  The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination."  *Id.*

        a.    Citizenship of Defendant Kohl's, Inc.  Kohl's is incorporated in Delaware, and its principal place of business is in Menomonee Falls, Wisconsin as

1  Kohl's performs the vast majority of its executive and administrative functions at its
2  corporate headquarters in that location.  In its 2021 Form 10-K report filed with the
3  SEC on March 18, 2021, Kohl's Corporation (the parent corporation of Kohl's, Inc.)
4  identifies Kohl's, Inc.'s state of incorporation as Delaware.  A true and correct copy
5  of Exhibit 21.1 from Kohl's Corporation's Form 10-K annual report, which was
6  accessed and printed from www.sec.gov on November 2, 2021, is attached as
7  **Exhibit 10**.  Kohl's, Inc.'s most recent Statement of Information filed with the
8  California Secretary of State on January 8, 2021 states that Kohl's, Inc.'s principal
9  place of business and headquarters is in Menomonee Falls, Wisconsin.  A true and
10 correct copy of Kohl's, Inc.'s Statement of Information filed with the California
11 Secretary of State on January 8, 2021, which was accessed and downloaded from its
12 website at www.sos.ca.gov on October 28, 2021, is attached as **Exhibit 11**.

13       b.    Citizenship of Unnamed "Doe" Defendants.  The defendants
14 Plaintiff designates as Does 1 through 50 in the Complaint are fictitious defendants
15 and are not parties to this action.  Unnamed defendants, such as Doe defendants, are
16 not required to join in a removal petition.  The Court may therefore disregard their
17 citizenship for purposes of determining diversity jurisdiction.  28 U.S.C. § 1441(a);
18 *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

19     11.   **Amount in Controversy**.  Kohl's alleges that based on Plaintiff's
20 Complaint, it is facially apparent that the amount in controversy in this action
21 exceeds the jurisdictional sum or value of $75,000.  "The calculation of the amount
22 in controversy takes into account claims for 'general' damages,' 'special' damages,
23 punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*,
24 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432
25 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the
26 types of damages plaintiff sought made it facially apparent that the amount in
27 controversy exceeded the $75,000 jurisdictional amount).
28       a.    Compensatory Damages.  Plaintiff alleges that as a result of

Kohl's conduct, she has suffered loss of wages, work-related benefits, and future earning capacity and prays for "lost wages, benefits, penalties and other monetary relief in an amount to be proven at trial." (Compl. ¶¶ 26, 33, 41, 50, 54, 60, 66, and "Prayer for Relief" at p. 12, Ex. 2.) Accordingly, she seeks economic damages from Kohl's, which include both back wages and front pay. At the time Plaintiff resigned from her employment as a full-time Loss Prevention Officer on July 8, 2021, Kohl's paid her an hourly wage of $18.00. (Bratcher Decl. ¶ 4.) As a full-time Loss Prevention Officer, Plaintiff generally earned wages of approximately $1,440 for every two-week pay period. (*See id.* ¶ 3, Ex. 12.) True and correct copies of Kohl's records reflecting the wage statements it issued to Plaintiff about every two weeks and maintains in the regular course of business are attached as **Exhibit 12**. Plaintiff was also eligible for other employee benefits, which have not been factored into her wages as provided above. (*See id.* ¶ 4; Compl. ¶¶ 26, 33, 54, 61, 66, Ex. 2.)

   b. There are approximately four (4) months between July 8, 2021, the date of Plaintiff's resignation (Bratcher Decl. ¶ 4), and November 9, 2021, the date of Kohl's Notice of Removal in this action. Thus, if Plaintiff were to be able to recover back wages spanning from the date of her resignation to the date of Kohl's Notice of Removal (which Kohl's contends she is not), Plaintiff would be entitled to approximately four (4) months, or $11,520 in back wages. Assuming this case proceeds to trial in April of 2023 (eighteen months after the Complaint was served), and assuming that Plaintiff remains without work through the time of trial, she will claim entitlement to about two years of back wages, which would amount to $58,560. In California, front pay awards generally frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (upholding an award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding a front pay award spanning over a four-year period); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (where the front pay award totaled 10 years).

1 Assuming that Plaintiff seeks a front pay award of four years (which is a
2 conservative estimate if this scenario applied), that amount would total an additional
3 $117,120, for a total of **$187,200** in front pay and back pay damages, which exceeds
4 the $75,000 threshold.

5       c. <u>Emotional Distress Damages.</u> Plaintiff further alleges that she
6 suffered "emotional distress including mental anguish, humiliation, embarrassment,
7 fright, shock, pain, discomfort, and anxiety" and "pain and suffering." (Compl. ¶
8 26, 34, 41, 50, 55, 61, 66, and "Prayer for Relief" at p. 12, Ex. 2.) Emotional
9 distress damages may be considered when calculating the amount in controversy
10 even when not clearly pled in the Complaint. *Simmons v. PCR Tech.*, 209 F. Supp.
11 2d 1029, 1034 (N.D. Cal. 2002) (noting that while a retaliation case brought by a
12 former employee would likely not result in an award of $3.5 million dollars in
13 emotional distress damages, the court noted that "emotional distress damages in a
14 successful employment discrimination case may be substantial."); *Richmond v.*
15 *Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("[t]he vagueness of
16 plaintiffs' pleadings with regard to emotional distress damages should not preclude
17 this Court from noting that these damages are potentially substantial"). While
18 Plaintiff has not quantified her emotional distress damages, when considered with
19 her claims for compensatory damages, even a nominal demand for $25,000 in
20 emotional distress damages would push the total claimed damages in this case even
21 further beyond the $75,000 threshold.

22       d. <u>Punitive Damages.</u> Plaintiff also seeks to recover punitive
23 damages. (Compl. ¶¶ 27, 35, 43, 51, 62, 67, and "Prayer for Relief" at p. 12, Ex. 2.)
24 Although California law does not provide any specific monetary limit on the amount
25 of punitive damages which may be awarded pursuant to section 3294 of the
26 California Civil Code, the proper amount of punitive damages under California law
27 is generally based on the reprehensibility of a defendant's misdeeds, the ratio
28 between compensatory and punitive damages, and ratio between damages and the

1  defendant's net worth.  *See Boyle v. Lorimar Prods., Inc.*, 13 F. 3d 1357, 1360 (9th
2  Cir. 1994).  Punitive damages are included in calculating the amount in controversy.
3  *See Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963);
4  *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994).  In
5  *Aucina*, the employer-defendant established that the amount in controversy
6  exceeded the jurisdictional minimum where the former employee asserted claims for
7  lost wages, lost benefits, mental anguish, and punitive damages.  *Aucina*, 871 F.
8  Supp. at 334.  The court noted that "[b]ecause the purpose of punitive damages is to
9  capture a [D]efendant's attention and deter others from similar conduct," a claim for
10 punitive damages could exceed the jurisdictional threshold amount of $75,000 on its
11 own.  *Id.*

12            e.    <u>Attorneys' Fees.</u>  Plaintiff also seeks to recover attorneys' fees
13 pursuant to section 12965(b) of the California Government Code.  (Compl. ¶¶ 28,
14 37, 42, and "Prayer for Relief" at p. 12, Ex. 2.)  "[W]here an underlying statute
15 authorizes an award of attorneys' fees, either with mandatory or discretionary
16 language, such fees may be included in the amount in controversy." *Galt G/S v. JSS*
17 *Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998).  "When assessing the amount in
18 controversy, the court considers the amount of attorneys' fees to be accrued
19 throughout the entirety of the litigation."  *Cain v. Hartford Life & Acc. Ins. Co.*, 890
20 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology*, 209
21 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).  *See also Sasso v. Noble Utah Long Beach*
22 *LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3,
23 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014
24 WL 2468344, at *5 (C.D. Cal. May 30, 2014).  "[T]he Court can use its discretion to
25 determine, within its own experience, that an award of attorneys' fees alone will
26 satisfy the amount in controversy requirement."  *James Dickey, Inc. v. Alterra Am.*
27 *Ins. Co.*, No. 2:15-cv-00963-ODW-DTB, 2015 WL 4537732, at *3 (C.D. Cal. July
28 27, 2015), citing *Cain v. Hartford Life and Acc. Ins. Co.,* 890 F. Supp. 2d 1246,

1250 (C.D. Cal. 2012). As such, even a minimum award of attorneys' fees "would place the amount in controversy well in excess of $75,000." *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3, *5 (E.D. Cal. Oct. 19, 2009) (internal citations omitted).

    f. In a single-plaintiff employee matter that Plaintiff's counsel David Lee Law, APLC filed in October 2017 alleging similar causes of action under FEHA, counsel sought $102,000 in attorneys' fees for about a year of legal work following a trial in November 2018. A true and correct copy of the May 28, 2019 Declaration of David J. Lee, downloaded from the San Diego Superior Court website on October 28, 2021, is attached as **Exhibit 13**. (*See* Lee Decl. ¶¶ 2-6, Ex. 13.) Based on Mr. Lee's own calculation of his attorneys' fees, it can reasonably be assumed that he will seek at least **$102,000** for prosecuting this matter through trial. Of course, this assumption does not take into account whether Mr. Lee will increase his hourly rates by the time this matter concludes through trial.

  12. Based on Mr. Lee's attorneys' fees calculation for approximately one (1) year of work through trial and Plaintiff's other alleged damages, it is reasonable to assume that the $75,000 threshold would be satisfied. *Simmons*, 209 F. Supp. 2d at 1034 (holding that plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA); *Kroske,* 432 F. 3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages and front pay to exceed the jurisdictional amount); *see, e.g., White v. FCI USA, Inc.,* 319 F. 3d 672, 675–76 (5th Cir. 2003) (holding that plaintiff's wrongful termination claim exceeds $75,000 based on her "lengthy list" of compensatory damages including loss of pay, employment benefits, impaired earning capacity, emotional distress, and other remedies). Accordingly,

the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000.

## CONCLUSION

13. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Kohl's, Inc., is a citizen of Delaware and Wisconsin. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Kohl's has properly removed the State Court Action to this Court.

WHEREFORE, Kohl's prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to this Court.

Dated: November 9, 2021        **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

By: _____
    Thy B. Bui
    Aaron M. Rutschman
    Attorneys for Defendant
    KOHL'S, INC.