# EXHIBIT 2

21STCV37198

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Theresa Traber

Electronically FILED by Superior Court of California, County of Los Angeles on 10/08/2021 12:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

1  David J. Lee, Esq., State Bar No. 296294
   david@davidjleelaw.com
2  **DAVID LEE LAW, APC**
   515 South Flower Street, Suite 1900
3  Los Angeles, California 90071
   Telephone: (213) 236-3536
4  Facsimile: (866) 658-4722

5  Brandon M. Banks, Esq., SBN 314667
   **BRANDON BANKS LAW, APC**
6  340 South Lemon Avenue, Suite 1409
   Walnut, CA 91789
7  T: (415) 289-9494
   E: Brandon@BrandonBanksLaw.com
8

9  Plaintiff
   JADE TURNER-COHEN
10

11              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF LOS ANGELES

13

| JADE TURNER-COHEN, | Case No. 21STCV37198 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. **RACE DISCRIMINATION IN VIOLATION OF FEHA;** |
| KOHL'S, INC., a California corporation; and DOES 1 through 50, inclusive, | 2. **RELIGIOUS DISCRIMINATION IN VIOLATION OF FEHA;** |
| Defendants. | 3. **RETALIATION IN VIOLATION OF FEHA;** |
| | 4. **HARASSMENT / HOSTILE WORK ENVIRONMENT IN VIOLATION OF FEHA;** |
| | 5. **WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 6. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION FEHA;** |
| | 7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |

- 1 -
COMPLAINT

**DEMAND FOR JURY TRIAL**

**THE PARTIES**

1. Plaintiff Ms. JADE TURNER-COHEN is an individual residing in the Los Angeles County, California ("Plaintiff" or "Ms. Cohen").

2. Defendant KOHL'S, INC., a California corporation, is and at all times mentioned in this Complaint was, authorized to operate by the State of California and authorized and qualified to do business in the County of Los Angeles. ("Defendant") Plaintiff was employed at their place of business located at 2650 Carson St., Lakewood, California 90712 and 1799 Hawthorne Blvd., Redondo Beach, CA 90278.

3. The true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendant by fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that Does 1 through 50 are California residents, and or/parents, subsidiaries, and/or sister corporations to Defendant, and or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff alleges all known and unknown Defendant and all named Defendant, including the corporate and individual Defendant and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

**JURISDICTION**

4. This Court has jurisdiction over the violations of the Fair Employment and Housing Act ("FEHA"), as Plaintiff has met all the jurisdictional requirements for proceeding with her claims under the FEHA, including without limitation, California Government Code Sections 12960 and 12965, by timely filing an administrative complaint against Defendant with the California Department of Fair Employment and Housing (the "DFEH") on or about October 8, 2021. On or about October 8, 2021, Plaintiff received her Right to Sue Letter from the DFEH against the

2
COMPLAINT

Defendant. Venue is proper because all the alleged damages occurred in the Los Angeles County. The Defendants have maintained its principal place of business in Los Angeles County and is authorized to conduct business in the state of California.

## FACTUAL ALLEGATIONS

5. Plaintiff is a 21 year old Jewish woman. She worked for the Defendant as a "Loss Prevention Officer" from February 12, 2021 to July 7, 2021 when she was constructively terminated.

6. Plaintiff was a non-exempt employee and she received an hourly rate of $18.

7. Within 30 days of Plaintiff working for Defendant's Redondo Beach location, Plaintiff recovered around $5,000 in what would have been stolen property.

8. Although Plaintiff planned on working for the Defendant a long time, her employment was cut short due to the hostile work environment where she was subjected to discrimination and harassment due to her race and religion.

9. In June 2021, Plaintiff's co-employee Mauricio (last name unknown), brought to work a penis shaped pancake with a "white tip" and gave it to another female employee in the presence of other employees including Plaintiff.

10. Mauricio also started to make degrading comments about Plaintiff's weight. On June 13, 2021, Mauricio also stated to Plaintiff, "You shouldn't eat chicken nuggets, because it's not good for your weight."

11. After finding out Plaintiff was Jewish, Mauricio also teased Plaintiff's religion by stating to her, "shala, shala, shala, shala…" Mauricio made these remarks to Plaintiff on a regular basis whenever he saw her at the workplace. Mauricio, after finding out that Plaintiff also spoke the Hebrew language, also tried to mimic the Hebrew language in front of Plaintiff in a disrespectful and offensive manner as well.

12. On June 20, 2021, Plaintiff made a complaint regarding Mauricio to human resources (HR). The following Monday, Alfredo retaliated against Plaintiff by giving her a corrective action. When Plaintiff informed Alfredo that she was only doing what she was trained to do by Alfredo and that she should not have received the corrective action, Alfredo admitted that it was true with a smirk on his face. Mauricio also continued to make negative remarks regarding Jewish people.

13. On June 24, 2021, Plaintiff made a complaint regarding the harassment by Mauricio to the District Manager who stated to Plaintiff that he would investigate the complaint.

14. On June 24, 2021, Store Support Lead, Esmeralda Lorenzana, provided Plaintiff with the contact information for counseling services.

15. On June 25, 2021, Plaintiff complained about the harassment by Mauricio to her supervisor Alfredo who simply responded to Plaintiff by saying, "no comment."

16. Afterwards, Mauricio retaliated against Plaintiff by spraying Plaintiff with a sanitizer on few occasions. Plaintiff felt humiliated and cried in her car few times.

17. Afterwards, hopeless that her manager and supervisor was going to do anything about the ongoing harassment by Mauricio, Plaintiff complained about Mauricio to the company's phone hotline.

18. In July, Plaintiff contacted Alfredo and requested a few days off due to Jewish Holiday, but it was denied by the Defendant. Plaintiff did not receive 2 consecutive days off and she had work the late shift on those days.

19. On July 5, 2021, Plaintiff complained about the retaliation to District Loss Prevention Manager Mr. Rick Bratcher and stated that she was being retaliated against due to her "religion/race."

20. On July 7, 2021, Plaintiff informed Mr. Bratcher and Loss Prevention Manager, Brian Bolton that she was being forced to resign due to the "hostile working environment" caused by Alfredo and Mauricio and that she was suffering from "depression, anxiety and stress." Plaintiff informed Defendant that July 21, 2021, was going to be her last day.

21. Afterwards, on the same day, Plaintiff overheard Mauricio refer to Plaintiff as a "rat" to Victoria, another co-employee. Plaintiff reported the incident to Mr. Bratcher. Plaintiff felt she could not continue working in the hostile work environment until July 21 and she informed the Defendant that her last day of work was going to be July 9, 2021.

## FIRST CAUSE OF ACTION
### RACE / NATIONAL ORIGIN DISCRIMINATION IN

**VIOLATION OF GOV'T CODE §§ 12940 ET SEQ**

(AGAINST THE KOHL'S AND DOES 1 TO 50)

22. Plaintiff re-alleges and incorporates by references the foregoing paragraphs as though set forth in full herein against Defendant and Does 1 through 50.

23. At all times herein mentioned, the FEHA was in full force and effect and was binding upon Defendants and each of them.

24. The FEHA makes it unlawful for an employer to discriminate against an employee on the basis of the employee's race, national origin and ancestry. Under the FEHA, it is unlawful employment practice for an employer, because of the race, national origin and ancestry of a person, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

25. As a direct, legal and proximate result of Plaintiff's race and national origin, Defendants discriminated against Plaintiff in the compensation, terms, conditions and privileges of employment by their disparate treatment of her due to her race and national origin and constructively terminating Plaintiff due to her race and national origin in violation of California Government Code Section 12940.

26. As a proximate cause of the wrongful conduct by Defendants, Plaintiff suffered the following damages according to proof at trial: (i) loss of wages; (ii) loss of work related benefits; (iii) loss of future earning capacity; (iv) emotional distress including mental anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety; and (v) pain and suffering.

27. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, and with an improper and evil motive amounting to malice and a conscious disregard of Plaintiff's rights. Defendant also authorized their managing agents to terminate Plaintiff in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants and DOES in an amount according to proof at trial.

28. Pursuant to California Government Code Section 12965(b), Plaintiff requests an award of attorney's fees and prejudgment interest, against Defendant, and DOES, under this cause of action.

## SECOND CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FEHA
## (AGAINST THE KOHL'S AND DOES 1 TO 50)

29. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

30. California Government Code § 12940(a) prohibits an employer from discriminating against a person because of their religion.

31. Defendant was at all relevant times an employer within the meaning of California Government Code § 12926(d). Hence, it is barred from discriminating against a person because of their religion.

32. Through the acts described above, Defendant violated California Government Code § 12940(a) by discriminating against Plaintiff on the basis her religion. Specifically, Plaintiff suffered a series of adverse employment actions which were motivated by her religion. Those adverse employment actions materially affected the terms and conditions of Plaintiff's employment. The adverse employment actions against Plaintiff include, but are not limited to the following: (a) subjecting Plaintiff to a pattern of harassment; (b) subjecting Plaintiff to different workplace standards; (c) subjecting Plaintiff to unwarranted and baseless criticism and disciplinary actions; and (d) ultimately terminating Plaintiff's employment in an act of retaliation for exercising rights afforded to her under the FEHA, and for complaining about the unlawful discrimination she was being subjected to.

33. As a direct, foreseeable and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, she has sustained substantial losses in earnings and job benefits.

34. As a direct, foreseeable and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, she has suffered and continues to suffer humiliation, embarrassment, mental anguish, emotional distress and discomfort, all to her damage, the precise

amount which will be proven at trial.

35. Defendant committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendant in the amount appropriate to punish and make an example of Defendant.

36. Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against Plaintiff which are not yet fully known. At such time as said discriminatory practices become known to Plaintiff, she will seek leave from the Court to amend this Complaint.

37. Plaintiff has incurred reasonable and necessary attorney fees in the preparation and prosecution of this action and seeks reimbursement of her attorney fees pursuant to California Government Code § 12965(b).

### THIRD CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ

(AGAINST THE KOHL'S AND DOES 1 TO 50)

38. Plaintiff re-alleges and incorporates by referenced the foregoing statements and allegations, inclusive, as though set forth in full herein, against all Defendants and Does 1 through 50.

39. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

40. Defendant is liable under FEHA for retaliating against Plaintiff for resisting and complaining about discrimination and harassment and for requesting a religious accommodation.

41. As a proximate result of Defendant's retaliation against Plaintiff, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000, according to proof at the time of trial, which is in excess of the

jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

42. As a proximate result of Defendant's retaliation against Plaintiff, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

43. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's right and safety. As such, Plaintiff is entitled to an award of punitive damages from the Defendant in an amount according to proof.

## FOURTH CAUSE OF ACTION

## HARASSMENT/ HOSTILE WORK ENVIRONMENT

## IN VIOLATION OF GOV. CODE SECTION 12940(J)

(AGAINST THE KOHL'S AND DOES 1 TO 50)

44. Plaintiff re-alleges and incorporates by referenced the foregoing statements and allegations, inclusive, as though set forth in full herein, against all Defendants and Does 1 to 50.

45. At all times relevant to this matter, the FEHA and Government Code Section 12940 were in full force and effect and binding on Defendants. Plaintiff was subjected to unwanted harassing conduct by Defendants.

46. The harassing conduct was severe and/or pervasive.

47. Plaintiff considered the work environment to be hostile or abusive.

48. Plaintiff's supervisor engaged in the conduct, and defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

49. The above described conduct was severe and/or pervasive and created an intimidating, hostile and offensive work environment and was unwanted, unwelcome, and uninvited, and violated Government Code Section 12940 et seq.

50. Plaintiff was harmed. The conduct was a substantial factor in causing Plaintiff's harm. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code Section 12926(a).

51. The above described actions were perpetrated and/or ratified by a managing agent or officer of defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

## FIFTH CAUSE OF ACTION

## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (AGAINST THE KOHL'S AND DOES 1 TO 50)

52. As a separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

53. As a result of the allegations as stated above, Defendant terminated Plaintiff because of her race and religion and for engaging in various protected activities, including resisting and complaining about discrimination and harassment, all in violation of various public policies.

54. Plaintiff has been harmed in the loss of wages, benefits and other damages in an amount to be proven at trial.

55. As a further proximate result of the Defendant's unlawful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, embarrassment, disgrace, loss of reputation, loss of self-esteem, mental anguish, and emotional and physical distress, and has been generally damaged, all in amount to be proven at trial.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN

## VIOLATION FEHA- GOVERNMENT CODE §12940 (K)

(AGAINST THE KOHL'S AND DOES 1 TO 50)

56. As a separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

57. Government Code Section 12940, subdivision (k), declares it an unlawful employment practice, inter alia, for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. The acts and conduct of Defendants, as described above, constitute a failure to take all reasonable steps necessary to prevent discrimination and harassment in violation of Government Code section 12940, subdivision (k).

58. Defendants failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring. It is evident that Defendant did not have basic knowledge and training on California's fair employment laws. As a result, Defendants deprived Plaintiff of a discrimination and harassment-free work environment and other benefits of employment to which he was entitled to.

59. Defendants engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment discrimination described unless it is enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5 from failing or refusing to comply with the mandates of the FEHA, Government Code section 12900 et seq.

60. As a direct and proximate result of Defendant's unlawful employment practices, as alleged above, Plaintiff suffered loss of employment and wages, and denied a discrimination-free work environment.

61. As an additional direct and proximate result of Defendant's unlawful employment practices, as alleged above, Plaintiff has suffered and will continue to suffer emotional injuries, including, but not limited to, emotional distress, depression and anxiety. Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

62. The conduct of defendants, through their agents, as described herein was malicious, fraudulent, and oppressive and/or done with knowledge that they were acting in violation of federal and state law, and/or with a willful and conscious disregard for plaintiff's rights and for the deleterious consequences of their actions. Consequently, plaintiff is entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST THE KOHL'S AND DOES 1 TO 50)

63. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully forth herein against all Defendants and Does 1 through 50.

64. When the Defendants, and each of them, committed the acts described above, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageousness of the above-described conduct is amplified due to upper management's abuse of their positions with actual and apparent authority over Plaintiff, such as is commonly found in employment relationships. The Defendants, and each of them, were aware that their unlawful acts would cause Plaintiff to suffer extreme emotional distress and other consequential damages.

65. The above-said acts of the Defendants, and each of them, constituted intentional infliction of emotional distress against Plaintiff and such conduct of the Defendants was a substantial or determining factor in causing damage and injury to Plaintiff.

66. As a result of Defendants intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer substantial loss and damages including, loss of salary, future advancement, bonuses, benefits, embarrassment, humiliation, and mental anguish in an amount to be determined at trial.

67. Defendants and each of them, committed said intentional infliction of emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages from Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof as follows:

1. For lost wages, benefits, penalties and other monetary relief in an amount to be proven at trial;

2. For general damages resulting from suffered humiliation, embarrassment, disgrace, loss of reputation, mental anguish, and emotional and physical distress in an amount to be proven at trial;

3. All general damages, according to proof at the time of trial;

4. For punitive and exemplary damages in an amount according to proof at the time of trial;

5. For interest on the sum of the damages awarded, calculated from the date of termination to the date of judgment;

6. For attorney's fees and costs incurred, in an amount to be determined at trial; and

7. For such other and further relief as the Court may deem just and proper.

Dated: October 8, 2021

DAVID LEE LAW, APC
BRANDON BANKS LAW, APC

By: _____
David J. Lee, Esq.
Brandon M. Banks, Esq.
Attorneys for Plaintiff
JADE COHEN

## DEMAND FOR JURY TRIAL

Plaintiff JADE COHEN hereby demands trial by jury.

Dated: October 8, 2021

DAVID LEE LAW, APC
BRANDON BANKS LAW, APC

By: _____

David J. Lee, Esq.
Brandon M. Banks, Esq.
Attorneys for Plaintiff
JADE COHEN